958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matti Johannes JOHANNSON, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70407.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided March 17, 1992.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Matti Johannson, a native of Finland and a citizen of Sweden, petitions for review of the Board of Immigration Appeals' decision ordering his deportation. Johannson contends that the immigration judge lacked jurisdiction because the INS failed to serve a valid order to show cause. He also argues that he was illegally denied assistance of counsel and wrongfully denied the chance to designate the country to which he would be deported. Because we believe the immigration judge lacked jurisdiction in this case, we do not reach the second and third issues raised by Johannson.
 
 
 3
 On the basis of the record before us, the government has not established that Johannson was served with a valid order to show cause and warrant. The warrant and order to show cause, as they exist in this record, show that he was served on February 2, 1989, but the warrant was not executed until February 7, 1989. Contrary to the Respondent's assertions, Johannson did argue before the Board of Immigration Appeals that these deficiencies in service prevented the immigration judge from exercising jurisdiction. In response, the Board of Immigration Appeals simply cited the February 2 signature and did not address the date discrepancy.
 
 
 4
 A warrant of deportation is only valid if it is issued, by a person with the requisite authority, prior to service. 8 C.F.R. § 242.2(c). Also, an order to show cause, served on a alien subject to deportation proceedings, must give adequate "notice, reasonable under all circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." 8 U.S.C. § 1252(b)(1). The government has not presented evidence refuting Johannson's charge that he signed a blank order to show cause, unaccompanied by an executed warrant. Given the unexplained discrepancy between the date Johannson signed the order to show cause and the date the warrant was executed, the government's obligation to show valid service of the warrant has not been met.
 
 
 5
 The record also indicates that neither the warrant, nor any evidence that the warrant was properly served, was introduced into the record as required by Chung Young Chew v. Boyd, 309 F.2d 857 (9th Cir.1962). The petitioner, therefore, had no opportunity to challenge the sufficiency of the warrant.
 
 
 6
 Because the government has made no showing of valid service of the warrant and because the warrant was never properly introduced into the record, the petition for review is granted and the order of deportation is vacated.
 
 
 7
 VACATED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3